Squire, Sanders and Dempsey, Cleveland, for plaintiff in error.

Warren Thomas, Warren, and Cerrezin and Wilson, Cleveland, for defendant in error.

## CLEVELAND RAILWAY CO v NEMES

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12862. Decided May 15, 1933

LIEGHLEY, PJ.

The issue of whether or not the deceased was the driver or a passenger was submitted to the jury, and based upon the charge of the court in this regard we must conclude that the jury found that the deceased was a passenger and our opinion is based upon the assumption that he was.

As the motorman was operating this two car train in a westerly direction at the rate of about thirty miles per hour toward this crossing, what were his duties, rights and obligations? His view to the west was clear for a half mile and for a distance of many feet on each side of the track. The proof mentions other crossings near this place. He had a right to assume that the driver of the automobile toward the track in the face of an on-coming car would stop. He owed no duty to sound a whistle at every crossing in that municipality. He owed a duty to sound a whistle as soon as it became apparent to him that the driver likely would not stop. The street car was operated upon a fixed track and could not be stopped suddenly. The auto was going at the reasonable rate of fifteen miles per hour and could have stopped within a few feet on this dry pavement. He blew the whistle just as soon as he saw that the Ford did not stop south of the track.

What did the driver of the auto do, and what were his duties, rights and obligations? He drove toward the track at right angles in the face of an approaching traction car and drove same upon the intersecting street for many feet before reaching the tracks, during which time he had a plain and clear view to the east for a half a mile. He did not stop or slacken the speed of his auto, but drove directly upon the tracks immediately in front of this oncoming car. The auto was struck directly in the center and either carried or thrown a distance of sixty-five feet.

It is urged that the motorman should have sounded the whistle in time to have avoided this collision. To have done so would mean that he should have assumed that the driver would not stop. This point of accident was not in the country where the law provides a whistle shall be sounded at a specific distance from each crossing, but was in a municipality. If it were the duty of the motorman on this train to sound a whistle at every crossing or whenever he saw an auto driving toward the tracks upon any intersecting street, upon the assumption that auto drivers might not stop, it would result in a perfect bedlam

of noise from trains traveling in an easterly and westerly direction upon this rapid transit line.

It is further urged as significant that the train did not stop promptly, but instead travelled a distance of two to three hundred feet. There is no proof that the motorman tried to stop suddenly. The accident occurred suddenly and no one would have benefitted by an abrupt or sudden stop of the train after the crash, as is required to be done before to avoid injury in a case wherein the last clear chance doctrine is invoked. In this case the accident was over and a sudden, abrupt stop could benefit no one but might have resulted in injuries to passengers aboard the train.

The manner in which this collision occurred is impressively and convincingly described by the answer of the only eye-witness given on direct examination, as follows:

"Q. How did the street car and the automobile come together?

"A. The street car went right in front—I mean the automobile went right in front of the street car and the street car hit it about the center."

We are unable to find any evidence to establish either charge of negligence contained in the petition. If there was negligence entering into this accident the proof can be reconciled upon the sole and only theory that the driver of the automobile was alone responsible for this death.

It is our opinion that this verdict should be reversed on the ground that it is contrary to law, and that final judgment should be rendered for plaintiff in error.

LEVINE and McGILL, JJ, concur in judgment.